Matter of State of New York v John T. (2018 NY Slip Op 05012)





Matter of State of New York v John T.


2018 NY Slip Op 05012


Decided on July 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 5, 2018

526394

[*1]In the Matter of STATE OF NEW YORK, Respondent,
v
JOHN T., Appellant.

Calendar Date: June 5, 2018

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Sheila E. Shea, Mental Hygiene Legal Service, Albany (Charles F. Bayer of counsel), for appellant.
Barbara D. Underwood, District Attorney, Albany (Allyson Levine of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from an amended order of the Supreme Court (Powers, J.), entered March 7, 2018 in Clinton County, which, in a proceeding pursuant to Mental Hygiene Law article 10, among other things, denied respondent's motion to close the courtroom from the press.
In October 2017, petitioner commenced this sex offender management proceeding against respondent. Respondent then moved pursuant to Mental Hygiene Law § 10.08 (g) to seal the record and to close the courtroom during the upcoming trial for the purpose of protecting the confidentiality of his mental health information. Supreme Court granted the request to seal the record, but denied that part of the motion that sought to close the courtroom. Upon respondent's motion for reargument, petitioner joined in respondent's request to close the courtroom, but solely for the purpose of protecting the victims' confidentiality. Supreme Court denied the motion. Respondent appeals.
As relevant here, either party may request the closure of the courtroom during a trial conducted pursuant to Mental Hygiene Law article 10 based upon a showing of "good cause" (Mental Hygiene Law § 10.08 [g]; see 22 NYCRR 109.1). Here, both parties assert that good cause exists to close the courtroom during respondent's trial, and petitioner does not oppose respondent's appeal. The parties disagree, however, as to the basis upon which good cause [*2]should be found. As noted above, respondent seeks to protect the confidentiality of his mental health information. By contrast, petitioner asserts that, in this high profile case, there is a significant risk that the testimony to be presented at trial will have the effect of identifying the victims and, thus, the courtroom should be closed based solely upon the need to protect their identities.
Petitioner seeks an order determining that respondent is a "[s]ex offender requiring civil management" pursuant to Mental Hygiene Law § 10.03 (q). In this regard, it asserts that it intends to present expert testimony at trial that will necessarily be highly fact-specific as to the manner, location and details of respondent's sex offenses, and may further disclose facts that have not previously been made public. Past media interest in respondent's crimes was intense, and there was widespread coverage of the related criminal proceedings in various media outlets, including some located in the larger geographic region where the Mental Health Law article 10 trial will be conducted. The coverage, in some cases, included the publication of the victims' names. Here, Supreme Court has taken steps to preserve the victims' anonymity that include orders directing the media to withhold their names, sealing the trial record and granting anonymity to respondent. Nevertheless, our review of the factual details that may be discussed by petitioner's experts persuades us that, in this particular case, media coverage of a public trial could well lead to the identification of the victims in the media, on the Internet or by those who followed the high profile proceedings in the past. The risk is particularly acute in view of the online presence that permits many of today's media outlets to disseminate news beyond their subscribers and their local geographic area, in a form that may foster public discussion in comments or on social media, and which then remains permanently available.
Generally, public policy disfavors "limitations on public access to court proceedings" (Matter of James Q., 154 AD3d 58, 63 [2017]). However, the right to such access is not without limitation and "must be balanced against other interests which might justify the closing of the courtroom to the public" (People v Jones, 82 AD2d 674, 677 [1981] [internal quotation marks and citation omitted], lv denied 55 NY2d 751 [1981]; see Matter of Westchester Rockland Newspapers v Leggett, 48 NY2d 430, 438 [1979]). We note that Mental Health Law § 10.08 reflects the strong public policy in favor of protecting the confidentiality of victims of sex offenses by including provisions that prohibit or limit the disclosure of identifying information (see Mental Health Law § 10.08 [b], [d]). Further, the controlling regulation cites "the nature of the proceedings and the privacy of the parties" as factors that may justify closing the courtroom during civil management proceedings (22 NYCRR 109.1). Upon balancing the competing interests, we find that — in the limited and particular circumstances presented here — there is a significant risk that a public trial may compromise the anonymity of respondent's victims. Thus, good cause has been shown to close the courtroom to the public during respondent's civil management trial (see generally Matter of Ruben R., 219 AD2d 117, 129 [1996], lv denied 88 NY2d 806 [1996]; People v Jones, 82 AD2d at 678-679). Accordingly, the motion to close the courtroom should have been granted. As a result of this determination, we need not address respondent's arguments.
Egan Jr., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the amended order is modified, on the law, without costs, by reversing so much thereof as denied respondent's motion to close the courtroom during the trial of [*3]petitioner's civil management proceedings pursuant to Mental Health Law article 10; motion granted to that extent; and, as so modified, affirmed.